UNITED STATES of America,
Plaintiff–Appellee,

v.

Luis Alonso RODRIGUEZ–GUTIERREZ, also known as Saul Martinez–Guevara, also known as Luis Rodriguez, also known as Saul Alberto Martinez–Guevara, also known as Alonzo Martinez–Lopez, also known as Luis Alonso Gutierrez–Rodriguez, also known as Luis Martinez, also known as Alonso Martines, Defendant–Appellant.

No. 04–30451.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Jan. 20, 2005.

Diane Hollenshead Copes, Assistant U.S. Attorney, Irfan A. Saeed, U.S. Attorney's Office Eastern District of Louisiana, New Orleans, LA, for Plaintiff–Appellee.

Robin Elise Schulberg, Valerie Welz Jusselin, Assistant Federal Public Defender, Federal Public Defender's Office Eastern District of Louisiana, New Orleans, LA, for Defendant–Appellant.

682

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM: *

Luis Alonso Rodriguez–Gutierrez ("Rodriguez") appeals from his sentence following a guilty plea to illegal re-entry following deportation subsequent to an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b). The district court ordered that the sentence run consecutive to an anticipated but not yet imposed sentence for revocation of supervised release. Rodriguez argues that the district court lacked authority to order a consecutive sentence under 18 U.S.C. § 3584(a).

Although the Government argues that the case is moot because the revocation sentence was ordered to run consecutive to the sentence challenged here, we are not convinced that we cannot even theoretically grant relief. *See Vieux Carre Property Owners v. Brown,* 948 F.2d 1436, 1446 (5th Cir.1991). We ordinarily review a district court's decision to impose consecutive rather than concurrent sentences for abuse of discretion. *See United States v. Lynch,* 378 F.3d 445, 447 (5th Cir.2004). Because Rodriguez did not object to the consecutive sentence in the district court, however, we review for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Calverley,* 37 F.3d 160, 162 (5th Cir.1994)(en banc). Under our precedent, which Rodriguez acknowledges, the district court's consecutive sentence did not constitute plain error. *See*

*United States v. Brown,* 920 F.2d 1212, 1216–17 (5th Cir.1991).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.